# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMELA V. JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-504-SDD-SDJ** |
| **TOMMIE L. HOWARD, et al.** | |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 6, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMELA V. JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-504-SDD-SDJ** |
| **TOMMIE L. HOWARD, et al.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Enforce Settlement (R. Doc. 48), filed on March 3, 2021. The Motion is unopposed. In their Motion, Defendants represent and provide evidence that the parties reached a settlement on October 2, 2020 (R. Doc. 48-1)[1], and that Plaintiff was then mailed a copy of both the Release of Claim Agreement (Release Agreement) and a Joint Motion for Voluntary Dismissal to sign and return on October 6, 2020 (R. Doc. 48-2). Two days later, on October 8, 2020, Defendant mailed the settlement check to Plaintiff. (R. Doc. 48 at 2). Both the Release Agreement/Motion for Voluntary Dismissal and the settlement check were sent to the same address.

Plaintiff deposited the settlement check on October 19, 2020, indicating it was received at her address. (R. Doc. 48-3). However, to this day, Plaintiff has never returned signed copies of the Release Agreement and Motion for Voluntary Dismissal. Given that Plaintiff has accepted and

---

[1] The agreement to settle this case, in full, for $35,000.00 is confirmed by the parties' emails. (R. Doc. 48-1 at 1) ("I guess I should just go ahead and settle for 35000 so go ahead with it and please send me a check for 175000 thanks for all your help Pamela Jackson"). Of that $35,000.00, half ($17,500.00) would go to Plaintiff, while the other half would go to Optum to satisfy a lien interest. (R. Doc. 48-1 at 2).

deposited Defendants' money to settle this lawsuit, there is no excuse for her failure to return signed copies of the Release and Motion for Voluntary Dismissal.

The Court concludes that the emails exchanged between the parties, in which they agreed to settle the case for a certain amount, and Plaintiff's execution of the settlement check, constitute a valid settlement and compromise of Plaintiff's cause of action. To determine the validity of a settlement, a federal court sitting in diversity applies the law of the state in which the settlement was negotiated and where it is to be performed. *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir.1987). Under Louisiana law,

> A compromise is [] made when the claimant of a disputed or unliquidated claim, regardless of the extent of his claim, accepts a payment that the other party tenders with the clearly expressed written condition that acceptance of the payment will extinguish the obligation.

La. Civ. C. art. 3079. The Louisiana Supreme Court has held that the endorsement and negotiation of a check, which is what happened here, also constitutes a valid compromise. *See Ravia v. Istre*, 600 So.2d 812, 814 (La. 1992) (there is no question that an accord and satisfaction took place when plaintiff negotiated the check). Moreover, the emails between the parties clearly show their intent to settle the case, in full, for a certain amount—the amount of the negotiated check. *Klebanoff v. Haberle*, 978 So.2d 598, 603-04 (La. App. 2 Cir. 2008) (emails demonstrated parties' intent to compromise claim).

Therefore, the Court **recommends GRANTING** Defendant's Motion (R. Doc. 48), to the extent Defendant seeks a determination that Plaintiff's cause of action has been compromised, and the Court will enforce the settlement, as explained below. *See Daftary v. Metropolitan Life Insurance Company*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. Jan.12, 1998) (district court may exercise its discretion to enforce settlement agreement where one party initially agreed to settlement but later refused to execute formal agreement reciting terms of settlement).

Defendant also asks that the Court order Plaintiff to sign the Release and Motion to Dismiss. However, given Plaintiff's refusal to return any of counsel's calls or emails, her refusal to execute the Release Agreement and Motion to Dismiss—despite this Court's urging that she do so (R. Doc. 51)—and her failure to attend the May 18, 2021 Status Conference to discuss the pending Motion, the Court believes it would be futile to issue yet another order directing Plaintiff to sign the Release and Motion to Dismiss, as Defendant requests. Indeed, she has failed to comply with several Orders issued by this Court. (R. Doc. 45) (Plaintiff failed to attend December 1, 2020 Status Conference); (R. Doc. 46) (Plaintiff failed to comply with or otherwise respond to Show Cause Order); (R. Doc. 51) (plaintiff refused to sign Release and Motion to Dismiss, as directed, and failed to attend the May 18, 2021 Status Conference).

In its last Order setting the May 18, 2021 Status Conference, Plaintiff was not only urged to execute and return the Release and Motion to Dismiss, she was also put on **notice** that a failure to attend the Status Conference would result in a recommendation that her claim be dismissed with prejudice. (R. Doc. 51).

Here, given the clear record of delay and contumacious conduct on behalf of Plaintiff, and the fact that her cause of action has been compromised and settled, the Court **recommends** that **dismissal with prejudice** is appropriate under the circumstances. *See Berry v. CIGNA*, 975 F.2d 1188, 1192 (5th Cir. 1992) ("On the other hand, where a plaintiff has failed to comply with several court orders or court rules, we have held that the district court did not abuse its discretion in involuntarily dismissing the plaintiff's suit with prejudice."); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986) (clear record of delay and contumacious conduct where counsel failed to file pretrial order, failed to appear at a pretrial conference, and failed for almost a year to certify that he would comply with the district court's order); *Callip v. Harris County Child Welfare Dept.*,

757 F.2d 1513, 1515–17, 1521 (5th Cir. 1985) (clear record of delay or contumacious conduct where counsel failed to comply with nine deadlines imposed by the rules of procedure or by orders of the court). Therefore,

**IT IS RECOMMENDED** that Defendant's Motion to Enforce Settlement (R. Doc. 48) be **GRANTED** to the extent Defendant seeks a determination that Plaintiff's cause of action has been compromised, and that Plaintiff's cause of action be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on July 6, 2021.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**